UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA,
*ex. rel.*
Robert Steinman
1944 Classic Drive
Coral Springs, FL 33071

Plaintiff,

v.

METRO OFFICE PRODUCTS LLC
Registered Agent: Minh Tri Dang
4692 Millennium Drive, Suite 420
Belcamp, MD 21017

Defendant.

CIVIL ACTION NO.

COMPLAINT FOR VIOLATIONS
OF FEDERAL FALSE CLAIMS ACT
(31 U.S.C. §§3729 - 3733)

## COMPLAINT

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from the false claims and statements made by Metro Office Products LLC, (hereinafter Defendant), in violation of the Federal False Claims Act, 31 U.S.C. §3729 *et. seq.*

2. The False Claims Act (hereinafter the Act), originally enacted in 1863 during the Civil War, was substantially amended by the False Claims Amendments Act of 1986, signed into law on October 17, 1986; and by the Fraud Enforcement and Recovery Act of 2009, signed into law on May 20, 2009. Congress' intent was to enhance the Government's ability to recover losses sustained as a result of fraud against the United States and to provide a private cause of action for the protection of employees and other who act in furtherance of the purposes of the

1

Act. Congress acted after finding that fraud in federal programs and procurement is pervasive and that the Act, which Congress characterized as the primary tool for combating fraud in government contracting, was in need of modernization.

3. The Act provides that any person who knowingly submits a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $10,000 for each such claim, plus three times the amount of the damages sustained by the Government, including attorneys' fees, expenses and costs. The Act allows any person having information regarding a false or fraudulent claim against the Government to bring a private cause of action for himself and on behalf of the Government and to share in any recovery. The complaint is to be filed under seal for sixty days (without service on the Defendant during such sixty-day period) to enable the Government (a) to conduct its own investigation without the Defendant's knowledge and (b) to determine whether to join the action.

4. Based on these provisions, Plaintiff/Relator, Robert Steinman, seeks to recover damages and civil penalties arising from Defendant's presentation of false claims to the United States Government in connection with the selling of non-compliant products to the United States Government.

5. Defendant Metro Office Products LLC knowingly certified, and the government paid a claim, for the sale of a product that was based on a false certification as to the country of origin.

6. Plaintiff Steinman has direct knowledge that Defendant has violated the False Claims Act because it has sold products to the United States Government that did not originate in designated countries under the Trade Agreements Act, and therefore is presenting false claims to

the United States Government for payment, and/or because it is not correctly identifying the country of origin of products offered for sale to the United States Government.

7. The Buy American Act was enacted during the Great Depression and is designed to promote American industry and jobs by requiring that certain public projects use only domestically produced materials. 41 U.S.C. §§ 8301-05.

8. The Trade Agreements Act, in relevant part, waives the requirements of the BAA for supply contracts above a specified threshold amount, which is currently set at $203,000.[1] *See* 19 U.S.C §2511(a); 48 C.F.R. §25.402. "Since the estimated dollar value of each Schedule exceeds the established Trade Agreements Act (TAA) threshold, the TAA is applicable to all Schedules. In accordance with the TAA, only U.S.-made or designated country end products shall be offered and sold under Schedule contracts." *See* http://www.gsa.gov/portal/content/200369#taa.

9. The American Reinvestment and Recovery Act applies to Government purchases using funds that have been allocated under the statute.

**PARTIES**

10. Plaintiff Robert Steinman is a resident of Coral Springs, Florida. For almost 30 years, Mr. Steinman has supplied products to the Government under Trade Agreements Act contracts. Mr. Steinman has supplied the Government with office products, electronics, tools and hardware, appliances, furniture, auto parts and other items. In this capacity, Robert Steinman gained direct knowledge of the allegations contained in this Complaint.

11. Defendant Metro Office Products, LLC, is a corporation with its principal office in Belcamp, Maryland that sells products to government and non-government customers. The

---

[1] *See* http://www.gsa.gov/MASDESKTOP/section3_10.html ("The current threshold for the applicability of the Trade Agreements Act (for a supply or service contract) is $203,000.").

3

contractor address listed with the government is in Brentwood, Tennessee. At all times relevant herein, Defendant sold products to the United States Government and its agencies under a General Services Administration (GSA) Multiple Awards Schedule and listed products for sale on the GSA Advantage Website and the DOD EMALL Website and, as such, has agreed to comply with the Trade Agreements Act, the Buy American Act and the American Recovery and Reinvestment Act, that prohibit the sale of goods to the United States that originate in non-designated countries, and/or the Defendant has agreed to specifically and correctly identify the country of origin of all products offered for sale to the United States Government. From 2010 to 2012, Defendant Metro Office Products, LLC maintained numerous GSA Contracts selling goods and services to the United States Government under Schedule 75 and under a Blanket Purchase Agreement (BPA). Under Schedule 75 contracts alone, Defendant Metro Office Products, LLC, earned $14,777,613 in Fiscal Year 2010; $19,417,655 in Fiscal Year 2011; and $20,843,196 in Fiscal Year 2012.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §§ 3730 and 3732, and 28 U.S.C. §§ 1331 and 1345.

13. This Court has personal jurisdiction over Defendant, pursuant to 31 U.S.C. § 3732(a) because Defendant transacts business in this District.

14. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and (b), under 28 U.S.C. §§ 1391(b) and (c), and 1395(c), and because acts proscribed by 31 U.S.C. §3729, which are complained of herein, occurred within this District.

## BACKGROUND RESPECTING VIOLATIONS OF THE TRADE AGREEMENTS ACT

15. The GSA was created pursuant to the Federal Property and Administrative Services Act of 1949 to consolidate agency service activities, including purchasing supplies and

4

equipment for Federal agencies. As part of its duties, the GSA enters into Multiple Award Schedules (Federal supply contracts) with various private contractors or vendors. In these Multiple Award Schedules, vendors' products are identified, priced and offered for sale through GSA and DOD catalogues and websites. Federal agencies then purchase their supplies and equipment from the GSA contractors using those catalogues and websites.

16. Pursuant to the GSA Multiple Award Schedules and the Federal Acquisition Regulations (FAR), vendors, including Defendant, agree to comply and certify compliance with the Trade Agreements Act, the Buy American Act, and the American Recovery and Reinvestment Act (prohibiting the sale to the United States or its agencies of goods that originate in countries identified as "non-designated"), and further agree to specifically and correctly identify the country of origin of all products offered for sale to the United States Government, to ensure compliance with the statutes. Under GSA procurement policies, vendors must specifically list all products for sale and their countries of origin before the products can be approved for sale on the website. Any product from a non-designated country cannot be listed on the GSA Advantage website. *See* Exhibit 1.

17. Plaintiff Steinman has been a government vendor for nearly 30 years. In this capacity he sells office supply products to federal agencies under a General Services Administration (GSA) Multiple Awards Schedule and lists office products for sale on the GSA Advantage Website and DOD EMALL Website.

18. Since Plaintiff Steinman sells products through the GSA Advantage Website and the DOD EMALL Website he regularly receives and reviews product lists, including those prepared by Defendant Metro Office Products, LLC, that indicate the country of origin of all products Defendant offered for sale to the United States.

19. Within his capacity as an executive in the industry, and as the responsible individual for ensuring compliance with TAA regulations, Plaintiff Steinman has integrated and incorporated country of origin data from a variety of sources, using his expertise in the industry to focus in on the most reliable and dependable information to produce exceedingly accurate valuations of real-time country of origin information. Plaintiff Steinman then developed a computer model to contrast this information with that of actual government sales. It was through this verification that Plaintiff Steinman became aware that Defendant falsely certified to the GSA, and to the Government customers, that products it offered for sale through the GSA and DOD EMALL websites originated in the United States or in designated countries, when they did not. From June of 2010 onward, Defendant Metro Office Products, LLC, falsely certified to the GSA that a variety of products sold through GSA and DOD EMALL were made in the United States or other designated countries, whereas, in truth, they were manufactured in various "non-designated" countries.

20. Plaintiff Steinman discovered that as a result of these false certifications, Defendant sold products to the United States that violated the Federal Acquisition Regulation (the "FAR"), the Trade Agreements Act, the Buy American Act and/or the American Recovery and Reinvestment Act.

21. Defendant Metro Office Products, LLC knowingly presented or caused to be presented, a false or fraudulent claim for payment or approval to the United States Government by virtue of conducting sales through the GSA Advantage Website and DOD EMALL Website of products that were not in fact from designated countries, and therefore in violation of the Federal Acquisition Regulation (the "FAR"), the Trade Agreements Act, the Buy American Act and/or the American Recovery and Reinvestment Act.

22. Defendant Metro Office Products, LLC knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim to the United States Government by virtue of listing products for sale on the GSA Advantage Website and DOD EMALL Website that were not in fact from designated countries, and therefore in violation of the Federal Acquisition Regulation (the "FAR"), the Trade Agreements Act, the Buy American Act and/or the American Recovery and Reinvestment Act.

23. From June 2009, Plaintiff Steinman accumulated real-time country of origin information from dozens of vendors to evaluate and obtain reliable country of origin information for an assortment of products. Plaintiff Steinman confirmed this information by comparing and contrasting the available country of origin information, and analyzing the reliability of the sources to achieve dependable country of origin information.

24. Plaintiff Steinman also obtained sales and invoice information which indicated that Defendant Metro Office Products, LLC sold a variety of products to the United States Government. Plaintiff Steinman then compared his accumulated country of origin information to product sales by the Defendant to uncover sales of products that were listed as originating from the United States or another designated country, when in fact the product was manufactured in a "non-designated" country. *See* Exhibit 2.

25. These products were sold to the United States Government from the GSA Advantage Website and the DOD EMALL Website.

26. The government purchased the products referenced herein from 2010 to 2012.

27. Non-compliant sales by Defendant Metro Office Products, LLC to the United States through the GSA and DOD EMALL websites (totaling approximately $877,065.20) are attached hereto as Exhibit 3 and are hereby incorporated by reference.

28. As a result of this deception by Defendant Metro Office Products, LLC, and other vendors, the United States Government purchased products that were not in compliance with the Federal Acquisition Regulation (the "FAR"), the Trade Agreements Act, the Buy American Act and/or the American Recovery and Reinvestment Act.

29. By virtue of the number of products identified in the above referenced Exhibits that were illegally listed for sale by Defendant Metro Office Products, LLC, and the volume of annual GSA sales conducted by Defendant Metro Office Products, LLC, from approximately 2010 through the present, it is highly probable that federal contracting officers relied upon the Defendant's material and false misrepresentation about the country of origin of these products and purchased these products in violations of the Trade Agreements Act, FAR 25.4, the Buy American Act, the American Recovery and Reinvestment Act and/or GSA procurement policies..

<u>**COUNT I**</u>
**(Trade Agreements Act Violations – False Certification)**
**(False Claims Act 31 U.S.C. §3729 *et. seq.*)**

30. Plaintiff Steinman alleges and incorporates by reference the allegations made in paragraphs 1 through 29 of this complaint.

31. By virtue of the acts set forth above, the Defendant Metro Office Products, LLC knowingly, or with reckless disregard or deliberate indifference of the truth caused to be presented, false or fraudulent certifications to the United States, by making false statements about the country of origin of products offered for sale to the United States Government, in violation of 31 U.S.C. §3729(a)(1)(B), and that the false certifications caused the false or fraudulent claims to be approved and paid by the United States.

32. The United States, unaware of the falsity of the records, statements and/or claims made by the Defendant and in reliance on the accuracy thereof, paid for aforementioned false claims.

33. By virtue of the acts described above, the Defendant defrauded the United States.

34. As set forth in the preceding paragraphs, Defendant violated 31 U.S.C. §3729 *et. seq.* and has thereby damaged and continues to damage the United States Government by its actions in an amount to be determined at trial.

## COUNT II
### (Trade Agreements Act Violations – False Claims)
### (False Claims Act 31 U.S.C. §3729 *et. seq.*)

35. Plaintiff Steinman alleges and incorporates by reference the allegations made in paragraphs 1 through 34 of this complaint.

36. By virtue of the acts set forth above, Defendant Metro Office Products, LLC knowingly, or with reckless disregard or deliberate indifference to the truth presented, or caused to be presented, false or fraudulent claims to the United States for payment, in violation of 31 U.S.C. § 3729(a)(1)(A), and that the Defendant caused the false or fraudulent claims to be approved and paid by the United States, in violation of 31 U.S.C. §3729(a)(1).

37. The United States, unaware of the falsity of the records, statements and/or claims made by the Defendant and in reliance on the accuracy thereof, paid for aforementioned false claims.

38. By virtue of the acts described above, the Defendant defrauded the United States.

39. As set forth in the preceding paragraphs, Defendant violated 31 U.S.C. §3729 *et. seq.* and has thereby damaged and continues to damage the United States Government by its actions in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Relator Steinman prays for judgment against Defendant Metro Office Products, LLC as follows:

40. That Defendant cease and desist from violating 31 U.S.C. §3729 *et. seq.*;

41. That this Court enter judgment against the Defendant in an amount equal to three times the amount of damages the United States Government has sustained because of Defendant's actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of 31 U.S.C. §3729 *et. seq.*;

42. That Plaintiff/Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act;

43. That Plaintiff/Relator be awarded all costs and expenses of this action, including attorney's fees; and

44. That Plaintiff/Relator recover such other relief as the Court deems just and proper.

Date: October 24, 2013

Respectfully submitted,

/s/

Jonathan Greenbaum
Barry Coburn
COBURN & GREENBAUM PLLC
1710 Rhode Island Avenue, N.W.
2nd Floor
Washington, DC  20036
Tel: (202) 657-4490
Fax: (866) 561-9712
jg@coburngreenbaum.com
barry@coburngreenbaum.com

*Counsel for Plaintiff/Relator Robert Steinman*